# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 2:11-cr-00058-GMN-CWH |
| vs. | **ORDER** |
| PHILLIP SMITH, DEVELLE MERRITTE, | |
| Defendants. | |

This matter comes before the Court on Defendant Merritte's Motion to Sever (#49), filed on April 2, 2012. Defendant Smith filed a Motion for Joinder to Defendant Merritte's Motion to Sever (#50) on April 4, 2012. The Court has considered Defendant's Motions and the government's response (#51).

## BACKGROUND

On February 15, 2011, the federal Grand Jury returned an Indictment against the Defendants charging each with six (6) counts of Interference with Commerce by Robbery and six (6) counts of Use of a Firearm During a Crime of Violence. On May 1, 2012 the Grand Jury returned a Superseding Indictment against Defendants charging each with five (5) additional counts of Interference with Commerce by Robbery, six (6) additional counts of Use of a Firearm During a Crime of Violence, one (1) count of Conspiracy to Interfere with Commerce by Armed Robbery. Defendants are charged with aiding and abetting during the alleged commission of counts three (3) through twenty-four (24).

## DISCUSSION

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to

have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder. *United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations omitted). "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id*. (citations omitted).

Rule 14 provides relief from joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, the defendant bears the heavy burden of demonstrating that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way - by severing the trial." *United States v. Castro*, 877 F.2d 988, 996 (9th Cir. 1989) (citation omitted). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Id*. (citation omitted). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). "A joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004).

Defendant Merritte first argues that severance is warranted in this case in order to minimize unfair prejudice that would result from a joint trial. Specifically, Merritte asserts that much of the evidence to be presented at trial points toward only Defendant Smith.

"The mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials." *United States v. Matta-Ballasteros*, 71 F.3d 754, 754 (9th Cir. 1995) (quoting *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986)). Rather, the focus is on "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited

admissibility." *United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (citations omitted).

Merritte contends that the jury will not be able to compartmentalize the evidence as it relates to him and the evidence attributable to Smith. In support, Merritte points to the fact that during the March 8, 2010 robbery of a restaurant charged in Count Seven, one of the victims was involved in an altercation with one of the robbers. A customer of the restaurant struck a robber in the head with a glass. The government has evidence that Smith received medical treatment for a cut on his head on March 9, 2010. Smith's DNA matches blood left at the scene of the robbery, and a witness will testify that Smith stated he was cut on the head during a fight.

In fact, Smith testified at the state trial that he went to the hospital on March 9, 2010 to receive medical treatment after an altercation. Smith further stated that the fight occurred at a Mexican restaurant and that broken glass cut his skin and head. Smith denied committing the robbery of the restaurant.

The government argues that the evidence would be admissible as to Merritte since the defendants have been charged with engaging in a conspiracy to commit the offenses. The Court agrees that the evidence would likely be admissible against Merritte in a separate trial. Smith's statement is not testimonial, as Merritte was available at the state court proceedings to cross-examine Smith. *See United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005) (citations omitted). Further, the statement is likely not hearsay, as it is an admission by a party opponent.[1] Regardless, there is independent evidence that would be admissible against Merritte even in a separate trial on Count 7. Thus, it does not appear to the Court that a great disparity in the evidence as to each defendant exists.

Further, "[t]he prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction by the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (quoting *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980)). "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-

---

[1] The Court notes that while the government argues that all evidence against Smith would be admissible against Merritte since they are jointly charged, it is unlikely that this statement would be deemed an exception to hearsay based on conspiracy as the statement was made after the conspiracy ended.

defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017 (9th Cir. 1999), *superceded on other grounds by regulation*, (internal citations and quotations omitted).

Defendant states that prejudice cannot be cured by a limiting instruction due to the fact that a trial would involve state and federal charges that are complicated, separate yet somewhat intertwined conspiracies. The Court finds this argument unpersuasive. While the charges may be complicated, Defendant does not explain why an instruction explaining the charges and informing the jury to segregate the evidence and limit the applicability of the evidence to each defendant would be insufficient. Based on Defendant's representations, he has not made a showing that limiting instructions could not cure any potential prejudice.

Defendant Merritte further argues that relief from prejudicial joinder is warranted in this case because his defense is mutually exclusive or antagonistic with that of his co-defendant Smith.

To prevail under this theory, Defendant must show that "the core of the co-defendant's defense is so irreconcilable with the core of his own defense that the acceptance of one party's defense will preclude the acquittal of the other party." *United States v. Johnson*, 297 F.3d 845, 858 (9th Cir. 2002) (citing *United States v. Hanley*, 190 F.3d 1017, 1028 (9th Cir. 1999)). The Ninth Circuit has stated that "[a]ntagonism between defenses or the desire of one defendant to exculpate himself by inculpating a co-defendant . . . is insufficient to require severance." *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996).

In support of his argument, Defendant relies on the inequity in evidence and speculates that the defendants may end up blaming one another during the trial. Merritte does not specify what theory he might incorporate in order to exculpate himself.

While defendants may very well point the finger at one another during a joint trial, the acceptance that one defendant did not commit the robberies does not preclude the acquittal of the other. A jury could reasonably conclude that either co-defendant or both are guilty of the charged offenses. Alternatively, the jury could believe that neither defendant committed the robberies. Defendant has not presented evidence showing that compelling prejudice will result from a joint trial based upon mutually antagonistic defenses.

Based on the foregoing, Defendant has not met the high standard requiring a showing that prejudice resulting from a joint trial would be severe and compelling. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Smith's Motion for Joinder to Defendant Merritte's Motion to Sever (#50) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Merritte's Motion to Sever (# 49) is **DENIED**.

DATED this 31st day of May, 2012.

_____
C.W. Hoffman, Jr.
UNITED STATES MAGISTRATE JUDGE