# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> PHILLIP SMITH and DEVELLE RURAL ) <br> MERRITTE, ) <br> ) <br> Defendants. ) | Case No.: 2:11-cr-00058-GMN-CWH <br><br> **ORDER** |

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Carl W. Hoffman. (ECF No. 72.) Defendant Phillip Smith filed an objection (ECF No. 73) and the Government filed a Response (ECF No. 75). Defendant Develle Rural Merritte also filed an objection (ECF No. 74) and the Government filed a Response (ECF No. 76). In addition, the Government subsequently filed a Notice of Supplemental Authority. (ECF No. 77.) For the reasons discussed below, the Court will accept and adopt in full Judge Hoffman's Report and Recommendation to the extent that it is not inconsistent with this opinion.

## I.   BACKGROUND

In early 2010, the Las Vegas Metropolitan Police Department ("LVMPD") began investigating a series of robberies that occurred in Las Vegas. Eventually, the LVMPD were able to identify a specific Honda Accord that appeared to be involved in each of the robberies. Although this vehicle was registered to another person, the LVMPD discovered that Defendant Smith had driven the vehicle in the past. The investigation further revealed that Defendant Smith was likely using multiple cellular telephone numbers that were registered under a relative's name. Based on this information, a Las Vegas Justice Court Judge issued a tracking warrant for these cellular telephone numbers. By tracking the cellular telephone numbers, the

LVMPD was able to locate the vehicle that the Defendants allegedly used to commit the robberies.

After locating the vehicle, two LVMPD detectives installed a self-powered, self-adhering Global Positioning System ("GPS") device under the rear bumper of the vehicle. The detectives failed to first obtain a warrant that authorized the installation of the GPS device. Instead, the detectives installed the GPS device on the vehicle while it was parked on the side of a public street. Thereafter, the detectives monitored the vehicle's location, direction, and speed on a daily basis until Defendants were arrested on May 18, 2010.

In addition to monitoring the vehicle through the GPS device, the detectives conducted physical surveillance on the vehicle. Specifically, the detectives observed that Defendant Merritte was a passenger in the vehicle on seven or eight separate occasions and even drove the vehicle once while Defendant Smith followed the vehicle on a motorcycle. In addition to Defendant Merritte, other individuals were also seen riding in the vehicle while the detectives monitored the vehicle.

Ultimately, Defendants were arrested on May 18, 2010. In fact, Defendant Smith was arrested after a high-speed pursuit that resulted in the Honda Accord, driven by Defendant Smith, colliding with another vehicle in Las Vegas. Defendant Merritte was also arrested on May 18, 2010, although he was neither in the vehicle at the time of the collision nor detained at the scene of the crash. Thereafter, on May 1, 2012, the Government filed a superseding indictment charging Defendants Phillip Smith and Develle Rural Merritte ("Defendants") with one count of Conspiracy to Interfere with Commerce by Armed Robbery in violation of Title 18, United States Code, Section 1951; thirteen counts of Use of a Firearm During and in Relation to a Crime of Violence in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 924(c)(2); and twelve counts of Interference with Commerce by Robbery

in violation of Title 18, United States code, Section 1951. (Superseding Indictment, ECF No. 53.)

On June 11, 2012, Defendant Smith filed a Motion to Suppress Evidence that the LVMPD obtained by using a GPS tracking device on the Honda Accord that the Defendants allegedly used in the robberies. Subsequently, also on June 11, 2012, Defendant Merritte filed a Motion for Joinder to Defendant Smith's Motion to Suppress. (Mot. for Joinder, ECF No. 63.) Defendants' Motion to Suppress relies on the Supreme Court's decision in *United States v. Jones*, 132 S. Ct. 945 (2012), and argues that the warrantless use of the GPS device violated the Fourth Amendment's protection from warrantless searches. Thus, Defendants argue that this Court should suppress any observations by the LVMPD enforcement officers indicating that Defendant Smith was surveying potential locations for additional criminal activity. Additionally, Defendants argue that this Court should suppress any physical evidence that the LVMPD seized from the Honda Accord on May 18, 2010 because such evidence is the fruit of the illegal installation of the GPS device.

In response, the Government first argues that Defendant Merritte lacks standing to challenge the attachment and the use of the GPS device. Alternatively, the Government argues that, even if Defendant Merritte has standing, the "good faith" doctrine prevents application of *Jones* because the LVMPD was relying on binding Ninth Circuit precedent in *United States v. Pineda-Moreno*, 591 F.3d 1212 (9th Cir. 2010), in which the Ninth Circuit held that the warrantless placement and subsequent monitoring of a GPS device did not violate the Fourth Amendment.

II.     **LEGAL STANDARD**

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. LCR IB 3-2. Upon the filing of such objections, the district court must make a de novo

determination of those portions of the Report to which objections are made. *Id*. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); D. Nev. IB 3-2(b). However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "*de novo* determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'"). Rather, a hearing is required only when the district court "reject[s] a magistrate judge's credibility findings made after a hearing on a motion to suppress." *United States v. Ridgway*, 300 F.3d 1153, 1154 (9th Cir. 2002).

## III.   DISCUSSION

Here, the Magistrate Judge first concluded that Defendant Merritte lacked standing to contest the attachment and use of the GPS device. Second, the Magistrate Judge determined that, the LVMPD acted in reliance of binding Ninth Circuit precedent that held that the warrantless use of a GPS device did not violate the Fourth Amendment. Furthermore, this reliance was reasonable because the actions took place prior to the Supreme Court's decision in *United States v. Jones*. Thus, even if Defendant Merritte had standing, the exclusionary rule should not apply to exclude the evidence obtained from the GPS device.

The Court now concludes that Defendants' objections fail to establish that the Court should reject Magistrate Judge Hoffman's Report and Recommendation. Thus, for the reasons discussed below, the Court adopts Judge Hoffman's Report and Recommendation.

**A.   Defendant Merritte lacks standing to challenge the LVMPD's use of the GPS device.**

As the proponent of this motion to suppress, Defendant Merritte must first establish that he has standing to challenge the allegedly illegal search or seizure. *United States v. Pulliam*, 405 F.3d 782, 785-86 (9th Cir. 2005) (citing *Rakas v. Illinois*, 439 U.S. 128, 134 (1978)). The

burden of establishing standing rests firmly on the proponent of the motion to suppress. *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005) (citing *Rakas*, 439 U.S. at 133-34). "To invoke the protections of the Fourth Amendment, a person must show that he had 'a legitimate expectation of privacy.'" *United States v. Nerber*, 222 F.3d 597, 599 (9th Cir. 2000). To establish that a person's expectation of privacy is legitimate, that person must show (1) a subjective expectation of privacy (2) that society is prepared to recognize as objectively reasonable. *Id.* (citations omitted). Ultimately, "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas*, 439 U.S. at 134.

Defendant Merritte asserts that he had a legitimate expectation of privacy in the Honda Accord such that the LVMPD violated his Fourth Amendment rights through the attachment and monitoring of the GPS device. As a general matter, a person does not possess a legitimate expectation of privacy in a vehicle in which he has no lawful ownership or possessory interest. *Rakas*, 439 U.S. at 148-49 (concluding that normally a passenger who asserts neither a possessory nor a property interest in a vehicle would not have a legitimate expectation of privacy in that vehicle). If the proponent fails to establish that he has a possessory or property interest in the vehicle, he may still establish a legitimate expectation of privacy by showing "joint control" of or "common authority" over the vehicle searched. *United States v. Thomas*, 447 F.3d 1191, 1198 (9th Cir. 2006). Thus, only when the proponent shows that the property searched was "mutual[ly] use[d] . . . by persons generally having joint access or control for most purposes." Although a defendant may have standing to challenge a search of a friend's car when the defendant had permission to use the vehicle and was driving the vehicle at the time of the stop, merely being a passenger in the vehicle is insufficient to establish the requisite

legitimate expectation of privacy. *Thomas*, 447 F.3d at 1198 (citing *United States v. Portillo*, 633 F.2d 1313, 1317 (9th Cir. 1980)).

Here, Defendant Merritte acknowledges that he does not own the vehicle. Defendant Merritte also failed to submit evidence that he was operating the vehicle with permission of the vehicle's owner. In fact, the LVMPD observed Defendant Merritte driving the vehicle only once. At all other times, the detectives observed Defendant Merritte in the car as merely a passenger. Defendant Merritte has failed to demonstrate that on the one occasion or on any unobserved occasions, he drove the Honda Accord with the permission of the true owner. Thus, as a passenger with no possessory interest in the Honda Accord, Defendant Merritte "ha[d] no reasonable expectation of privacy in a car that would permit [his] Fourth Amendment challenge to a search of the car." *United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir. 2000) (alteration in original) (citations omitted).

Moreover, Defendant Merritte's argument in his objection does not compel the Court to reject Judge Hoffman's recommendation. Specifically, Defendant Merritte relies on *United States v. Rose*, 731 F.2d 1337 (8th Cir. 1984), to assert that his driving the car once is sufficient to confer the necessary property or possessory interest. However, Defendant's reliance on *Rose* is misplaced. First, *Rose* represents non-controlling precedent from the Eighth Circuit. In light of the substantial amount of Ninth Circuit precedent on this issue, reliance on non-controlling precedent is inappropriate. Second, even to the extent that the Court considers this Eighth Circuit decision, Defendant's reliance on *Rose* is misguided given the factual differences between this case and *Rose* inapposite. Namely, the Eighth Circuit explicitly based its holding on the fact that the defendant "had keys to both the ignition and the trunk [and] drove the car as much as two or three times a week." *Rose*, 731 F.2d at 1343. In contrast, Defendant Merritte did not routinely drive the Honda Accord. Rather, the LVMPD detectives observed him

driving the Honda Accord only once. Furthermore, Defendant Merritte never asserted that he possessed the keys to the vehicle, as the defendant in *Rose* did.

For these reasons, the Court approves and adopts Judge Hoffman's recommendation regarding Defendant Merritte's lack of standing to challenge the attachment and use of the GPS device. Therefore, Defendant Merritte's motion for joinder is denied.

**B.     Under *United States v. Jones*, the LVMPD's warrantless use of the GPS device violated the Fourth Amendment.**

As both parties and Judge Hoffman recognized, if the LVMPD were to perform the same warrantless attachment and use of a GPS device today, it would certainly violate the Fourth Amendment protection from illegal searches and seizures. Namely, the Supreme Court, in *United States v. Jones*, held that "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'" 132 S. Ct. 945, 949 (2012). As such, the installation of a GPS device without a warrant violates the Fourth Amendment. *Id.* However, the LVMPD attached and monitored the GPS nearly two years prior to the Supreme Court's decision in *Jones*.

**C.     The "Good Faith" Exception applies to preclude application of the exclusionary rule.**

Although the LVMPD's warrantless attachment and use of the GPS device violated the Fourth Amendment, not every violation of a constitutional right triggers the exclusionary rule. For example, the Supreme Court has consistently held that the "harsh sanction of exclusion should not be applied to deter objectively reasonable law enforcement activity." *United States v. Davis*, 131 S. Ct. 2419, 2429 (2011). Moreover, the Court explicitly held that "[e]vidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule." *Id.*

To that end, the Ninth Circuit previously held that the placement of a GPS device in a private driveway, and subsequent monitoring of that device, did not violate the Fourth

Amendment. *United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 2007); *United States v. Pineda-Moreno*, 591 F.3d 1212, 1216 (9th Cir. 2010). Furthermore, the Supreme Court granted the petition for writ of certiorari in *United States v. Pineda-Moreno*, vacated the judgment of the Ninth Circuit, and remanded the case for further consideration in light of the Court's decision in *Jones*. *Pineda-Moreno v. United States*, 132 S. Ct. 1533 (2012). Upon remand, a Ninth Circuit panel concluded that the use of a pre-*Jones* warrantless GPS tracking device should not result in the suppression of evidence due to the presence of binding Ninth Circuit precedent to the contrary at the time the GPS was attached. *United States v. Pineda-Moreno*, 688 F.3d 1087, 1090 (9th Cir. 2012). Thus, the Court need not conduct an independent analysis because controlling Ninth Circuit precedent dictates that the pre-*Jones* warrantless use of a GPS device should not result in suppression of evidence. Here, the LVMPD detectives attached the GPS device in a manner nearly identical to the manner in which the officers in *Pineda-Moreno* attached their GPS device and the attachment was done nearly two years prior to the Supreme Court's decision in *Jones*.

In their objections to Judge Hoffman's Report and Recommendation, the Defendants argue that Judge Hoffman improperly relied on the LVMPD officers' self-serving testimony that placement of the device was approved through LVMPD's internal administrative procedures. Defendants' argument fails for two reasons. First, Judge Hoffman "listened to each side present arguments, [saw] the expressions and demeanor of witnesses, and [] directed the course of the hearing." *See United States v. Bergera*, 512 F.2d 391, 392 (9th Cir. 1975). Thus, this Court will not "lightly disregard recommendations made from first-hand knowledge of relevant evidence." *Id.* Thus, because Judge Hoffman's determination that the LVMPD witnesses were credible is not clearly erroneous, the Court accepts his determination that the placement was done in accordance with internal administrative procedures. Second, even to the extent that the police officer's testimony was not credible, whether the placement was done in

accordance with internal procedure is irrelevant.  Indeed, the United States Constitution does not guarantee that internal policies will be followed. *See United States v. Caceres*, 440 U.S. 741, 749 (1979).  Therefore, even to the extent that the LVMPD failed to comply with its internal procedures, failure to follow internal policies and procedures cannot serve as the basis for a constitutional attack or a motion to suppress.

Given the similarities between this case and *Pineda-Moreno*, the exclusionary rule is not applicable to bar the evidence that resulted from the GPS monitoring.  Furthermore, Defendants' objections cannot overcome this controlling Ninth Circuit precedent.  Accordingly, the Court approves and adopts Judge Hoffman's recommendation.  Defendant Smith's Motion to Suppress is DENIED.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Judge Hoffman's Report and Recommendation (ECF No. 72) be **ACCEPTED and ADOPTED** in full, to the extent that it is not inconsistent with this opinion.

**IT IS FURTHER ORDERED** that the Motion to Suppress Evidence by Defendant Phillip Smith (ECF No. 62) and the Motion for Joinder to Motion to Suppress Evidence by Defendant Develle Rural Merritte (ECF No. 63) are DENIED.

**DATED** this __15__ day of __October__, 2012.

_____
Gloria M. Navarro
United States District Judge