1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10
11

United States of America,

Case No. 2:11-cr-58-JAD-CWH

12

Plaintiff,

13

v.

**Order re: Magistrate Judge
Order # 61 [Docs. 119, 123]**

14

Phillip Smith, et al.,

15

Defendants.

16
17        A series of armed robberies occurred in Las Vegas, Nevada, between January 18,

18    2010, and May 15, 2010, at local businesses; collectively, these were known as the

19    "Bandana" robberies due to the attire the robbers used to hide their identities.  Defendants

20    Phillip Smith and Develle Rural Merritte are charged with committing these crimes.  A

21    Grand Jury returned a twelve-count indictment against Smith and Merritte on February 15,

22    2011, and the government filed a Superseding Indictment on May 1, 2012.  In the

23    Superseding Indictment, both men are charged with one count of Conspiracy to Interfere

24    with Commerce by Armed Robbery, 18 U.S.C. § 1951 (Count 1); thirteen counts of Use of a

25    Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)-(2) (Counts 2,

26    4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26); and twelve counts of Interference with Commerce

27    by Robbery, 18 U.S.C. §§ 1951-52 (Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25).  After a

28    series of delays, trial is now scheduled to begin on April 29, 2014.

On April 2, 2012, Merritte moved to sever his trial from that of co-defendant Smith, a motion in which Smith joined.  Docs. 49, 50.[1]  On May 31, 2012, U.S. Magistrate Judge Hoffman denied the motion to sever.  Doc. 61.  Nineteen months later, Smith objected to the Order.  Doc. 119.[2]  After a review of Judge Hoffman's Order, and for the reasons set forth below, the Court finds that the objections were untimely and now overrules them as moot.

### Discussion

**A.       Motion for Joinder**

Merritte has moved to join in Smith's objections, Doc. 123, without adding any substantive analysis.  No parties have entered any objection to the joinder, and the Court finds that the motion for joinder should be granted.

**B.       Objections to Judge Hoffman's Order**

Smith argues that because the Order was not a Report and Recommendation, "the deadline for filing objections . . . is not jurisdictional, and late-filed objections are considered where the filing was not egregiously late and caused no prejudice to adverse party."  Doc. 119 at 6.  Smith's Reply claims that a motion to sever may be dispositive, but that distinction is ultimately left up to the courts.  *See id.*  He also claims that the motion was *de facto* timely given that Smith only recently changed counsel.  Doc. 121 at 2-3.  The government thinks otherwise, pointing to the bare fact that Smith's objections were filed one year and seven months after Judge Hoffman's written Order, without elaboration.  Doc. 120 at 2.

Under Fed. R. Crim. Proc. 59(a), "[a] district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense," and "[a] party may serve and file objections to the order within 14 days after being served with a copy of a written order.  The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.  Failure to object in accordance with this rule waives a party's right to review."  *Id.*  Rule 59(b) governs referral of

---

[1]  The government filed a response.  Doc. 51.  No reply was submitted.

[2] The government has submitted a response, Doc. 120, and Merritte has submitted a reply.  Doc. 121.

"dispositive" matters to a U.S. Magistrate Judge, and also requires that "[w]ithin 14 days after being served with a copy of the recommended disposition, or at some other time the court sets, a party may serve and file specific written objections to the proposed findings and recommendations. . . . Failure to object in accordance with this rule waives a party's right to review." *Id.* at 59(b)(2).[3] Thus, Smith's distinction between "dispositive" and "non-dispositive" motions is one without a difference; Smith's objections are untimely either way.

Similarly, Smith's invocation of the Rule 59 Advisory Committee's Notes, which point out that "[d]espite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed," Doc. 121 at 2, does not square with relevant interpretation of the Rule itself. Courts in this district and elsewhere are generally skeptical about expanding the scope of objections. *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *United States v. Burkey*, 2009 WL 1616564, at *2 (D. Nev. June 8, 2009) (finding that defendant did not specifically object to magistrate judge's recommendation denying motion to dismiss criminal indictment, where defendant "copied and posted his Motion to Dismiss and recast it as Objections."); *cf. Carrillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (citing *Burkey*, and nothing that "generalized objections" do not require *de novo* review).

Smith provides the Court no compelling reason to depart from this general skepticism. His claim that he recently changed attorneys is unpersuasive; his new attorney joined the case in September 2013, Doc. 113, three and a half months before objecting to Judge Hoffman's Order. Even assuming *arguendo* that this delay was somehow reasonable, a change of attorney does not operate as a *carte blanche* for raising arguments which might have been brought by prior counsel and which have been waived by operation of Rule 59. Finally, Smith's claim that the government will not suffer "prejudice" is not so compelling to

---

[3] "Dispositive" motions include "a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. Proc. 59(b)(1).

overcome the interests of judicial efficiency; entertaining the same would encourage continual and protracted delays in criminal proceedings of all kinds.

The remainder of Smith's arguments go to the merits of his filing, disposition of which is unnecessary in light of the foregoing.

**Conclusion**

Accordingly, for the reasons stated above,

**IT IS THEREFORE ORDERED** that Merritte's Motion for Joinder [Doc. 123] is **GRANTED.**

**IT IS FURTHER ORDERED** that Smith's Objections to Order of United States Magistrate Judge Regarding Defendant Merritte's Motion to Sever and Defendant Smith's Joinder Thereto (CR#61) [Doc. 119] are overruled, because they were not timely filed and are deemed waived.

DATED: February 20, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE