# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:11-cr-00058-JAD-CWH |
| vs. ) | **ORDER** |
| PHILLIP SMITH, et al., ) | |
| Defendants. ) | |

This matter is before the Court on Defendant's *Ex Parte* Motion for Rule 17 Subpoenas (#163), filed September 9, 2014, and Defendant's *Ex Parte* Motion for Competency Examination (#164), filed September 12, 2014. By way of these motions, Defendant Phillip Smith requests *ex parte* consideration of his request for a subpoena pursuant to Fed. R. Crim. P. 17(c) and his request for a competency examination. The Court has reviewed the motions and finds that *ex parte* consideration is not appropriate for either motion.

**1. Defendant's *Ex Parte* Motion for Subpoena (#163)**

Though Defendant indicates this motion is brought pursuant to Fed. R. Crim. P. 17(b) and (c), it is a request issuance of a subpoena *duces tecum* and properly considered under the standards of Fed. R. Crim. P. 17(c). The standards governing the issuance of subpoenas *duces tecum* under Fed. R. Crim. P. 17(c) were analyzed recently in *United States v. Sellers*, 275 F.R.D. 620 (D. Nev. 2011). Rule 17, in pertinent part, provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). Courts have discretion to direct that a subpoena *duces tecum* be made returnable before trial.[1] Nevertheless, the law is clear that Rule 17 is not a discovery device. *See e.g.*, *United States v. Nixon*, 418 U.S. 683, 689 (1974); *see also Sellers*, 275 F.R.D. at 622-23 (collecting cases). As noted in *Sellers*, "Leave of court is required for a pretrial subpoena *duces tecum*." *Id*. at 623 (citation omitted). The Supreme Court has stated that "[e]nforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues." *Nixon*, 418 U.S. at 702.

The moving party bears the burden of showing good cause for the requested pretrial production. Generally, courts look to the factors first identified in *United States v. Iozia*, 13 F.R.D. 335 (S.D.N.Y. 1952) for guidance in determining whether pretrial production is appropriate. *See Nixon*, 418 U.S. at 699. The *Iozia* standard requires a showing: (1) that the documents are evidentiary and relevant; (2) that the documents are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the defendant cannot properly prepare for trial without production in advance of trial and that failure to obtain the documents may unreasonably delay the trial; and (4) that the application is made in good faith and not intended as a fishing expedition. *Nixon*, 418 U.S. at 699-700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)).

---

[1] The issuance of subpoenas returnable at trial for those who are unable to pay for them is governed by Fed. R. Crim. P. 17(a). Rule 17(b) describes the procedure for defendants unable to pay the requisite witness fees. Rule 17(b) also permits an *ex parte* application requesting the issuance of subpoenas. Courts authorize the issuance of a subpoena to a defendant who is unable to pay "if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense." Fed. R. Crim. P. 17(b). "Although prior judicial authorization is required, the *ex parte* nature of a Rule 17(b) application serves to put a defendant on equal footing with the Government because the Government is not required to give a defendant notice as to those witnesses that it intends to subpoena to testify at trial." *Sellers*. 275 F.R.D. at 622 (citing *United States v. Reyes*, 162 F.R.D. 468, 469 (S.D.N.Y. 1995)).

Against the backdrop of *Ioza*, the Supreme Court identified "three hurdles" that a moving party must clear in order to carry his burden: relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700. The moving party must "show the evidentiary nature of the requested materials ...." *United States v. Skeddle* 178 F.R.D. 167, 168 (N.D. Ohio 1996). Conclusory allegations of relevance or admissibility are not sufficient. *Sellers*, 275 F.R.D. at 623-24 (citations omitted). Documents requested in a Rule 17(c) subpoena must have more than some potential relevance or evidentiary use, there must be a sufficient likelihood that the requested material is relevant to the offenses charged in the indictment. *Id.* at 624 (citing *Nixon*, 418 U.S. at 700). The specificity requirement "ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents." *Id*. (quoting *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994)). Requiring specificity also protects against Rule 17(c) subpoenas being used improperly to engage in fishing expeditions. *Id*. (citation omitted).

The court in *Sellers* also addressed the issue of whether Rule 17(c) allows for an *ex parte* application for pretrial production by indigent defendants. Contrary to Rule 17(b), the language of Rule 17(c) does not expressly allow for pretrial production by an indigent defendant. *Id*. at 624-25. This Court agrees with the conclusion in *Sellers* that an indigent defendant should be permitted to make an *ex parte* application under Rule 17(c) under limited circumstances, "such as where identification of the source of evidence potentially imperils the source or integrity of evidence; or where notice of a subpoena *duces tecum* would compromise defense counsel's strategy; or where a constitutional interest of a defendant is implicated." *Id*. at 625; *see also Reyes*, 162 F.R.D. at 470 (noting the strong policy reasons in favor of an *ex parte* procedure). This Court further agrees that allowing for an *ex parte* application for a Rule 17(c) subpoena *duces tecum* does not entitle the defendant to strategic advantage or tactical surprise. Rule 17(c)(1) is clear that "[t]he court may direct the witness to produce the designated items in court before trial or before they are offered in evidence" and "may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1).

The Court has reviewed the *ex parte* application for a Rule 17(c) subpoena *duces tecum* in this case and declines to consider it on an *ex parte* basis. Defendant's desire to obtain the requested

3

information has long been known to the Government and was the subject of a recently filed motion to compel (#143), which was denied. *See* Mins. of Proceedings (#159). There is no risk identification of the source would potentially impair the source or integrity of the evidence. There is no risk that notice of the subpoena would compromise defense counsel's strategy or mental impressions. Consequently, the Court will require that Defendant's counsel serve a copy of the motion on the Government, who will have until September 23, 2014 to file its response. The reply, if any, shall be filed by September 26, 2014.

**2. Defendant's *Ex Parte* Motion for Competency Examination (#164)**

The Court also declines to consider Defendant's motion for competency examination on an *ex parte* basis. In support of the request, Defendant cited to Local Criminal Rule 47-2, which requires "[a]ll *ex parte* motions . . . contain a statement showing good cause why the matter was submitted to the Court without notice to all parties[.]" Defendant's counsel's generalized concern regarding the competency of his client and the Fifth Amendment are not sufficient. The statutes and rules cited by Defendant do not support consideration on an *ex parte* basis either. There is no indication in the motion that Defendant has given the requisite notice under Fed. R. Crim. P. 12.2(b). To the extent the report attached to the motion will be used at trial, the Government is entitled to it under Rule 16(b)(1)(C). To the extent the motion requests an examination under 18 U.S.C. § 4241, there is no basis to preclude the Government from filing a response challenging whether there is "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Consequently, Defendant shall serve a copy of the motion on the Government. The Government shall have until September 23, 2014, to file its response. The reply, if any, shall be filed by September 26, 2014.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's *Ex Parte* Motion for Rule 17 Subpoenas (#163) and Defendant's *Ex Parte* Motion for Competency Examination (#164) **will not be considered on an *ex parte* basis.** Defendant's counsel is instructed to serve a copy of the motions

on the Government not later than September 15, 2014.  The Government shall have until September 23, 2014 to file its response.  Any reply shall be filed by September 26, 2014.

DATED: September 16, 2014.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge