**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Phillip Smith, et al.,<br><br>        Defendants. | Case No. 2:11-cr-58-JAD-CWH<br><br>**Order re: Motion in Limine**<br>**[Doc. 133]** |

      A series of armed robberies occurred in Las Vegas, Nevada, between January 18, 2010, and May 15, 2010, at local businesses; collectively, these were known as the "Bandana" robberies due to the attire the robbers used to hide their identities. Defendants Phillip Smith and Develle Rural Merritte are charged with committing these crimes. A Grand Jury returned a twelve-count indictment against Smith and Merritte on February 15, 2011, and the government filed a Superseding Indictment on May 1, 2012. In the Superseding Indictment, both men are charged with one count of Conspiracy to Interfere with Commerce by Armed Robbery, 18 U.S.C. § 1951 (Count 1); thirteen counts of Use of a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c)(1)-(2) (Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26); and twelve counts of Interference with Commerce by Robbery, 18 U.S.C. §§ 1951-52 (Counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 25).

      On May 29, 2014, Defendant Smith moved *in limine* to exclude certain evidence from presentation at trial: (1) his March 2, 2011, state court testimony; (2) evidence that numerous queries regarding Smith's 1994 Honda Accord were made in a national crime database; (3) Smith's 2007 misdemeanor citation for possession of marijuana; (4) statements from San Diego law enforcement regarding similar robberies in that area; (5) any mention of gangs; (6) a video that includes scenes from the high-speed pursuit of Smith and interviews with detectives and a victim; and (7) co-Defendant Merritte's statement of apology during his

sentencing and "any other statement implicating Mr. Smith."  Doc. 133 at 3-4.[1]  I grant as unopposed the request to exclude San Diego law enforcement statements regarding similar crimes, deny the requests to exclude Smith's 2007 misdemeanor citation, the video, and co-defendant Merritte's statements because the government has represented it does not intend to introduce these evidentiary items in its case in chief, and I deny all remaining exclusion requests without prejudice to their reassertion at trial when I have greater context to allow me to better assess them.

## Discussion

Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the trial courts' general authority to manage trials permits trial judges to rule on evidentiary issues before the start of trial.[2]  Pretrial consideration of evidentiary issues serves to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record.[3]  Motions in limine may also save expensive trial time because ruling on evidentiary disputes in advance minimizes side-bar conferences and other disruptions at trial, and potentially obviates the need to call certain witnesses.[4]

These policy considerations must be weighed against the loss of the court's ability to consider evidence in the context of the trial when the court is "better situated . . . to assess the value and utility of evidence."[5]  Limine rulings are provisional; they are "not binding on the trial judge [who] may always change [her] mind during the course of a trial."[6]  "Denial of a

---

[1] The government responded, Doc. 137, and Smith has filed a reply.  Doc. 140. Although Smith admits that this motion in limine is filed untimely, Doc. 133 at 6-8, the government has not specifically objected to the timing of the motion; in the interests of justice, I elect to reach the motions's merits.

[2] *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

[3] *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (quotations and citations omitted).

[4] *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

[5] *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("A better practice is to deal with questions of admissibility of evidence as they arise.").

[6] *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[7] With these principles in mind, I address Smith's exclusion requests in turn.

### 1. Smith's state court testimony

Smith was convicted in Nevada state court for a pair of home invasions that took place around the time of the bandana robberies. He moves to preclude the government from introducing testimony Smith provided during Smith's state-court proceedings, arguing that it is prejudicial because "the Jury will most likely view Mr. Smith's failure to accept responsibility in his State case negatively, and be quick to convict him in this case for asserting his right to trial." Doc. 133 at 11. Smith also contends that, because the court has already deemed his state-court conviction admissible, any such testimony is cumulative. *Id.*

The government argues that Smith's testimony was voluntary and is inadmissible. Doc. 137 at 2. The government also notes that "Smith admitted certain facts related to the charges in this case," *id.* at 3, and it contends that, given Smith's blanket request that all trial testimony be precluded, it is difficult to know in advance what testimony will or will not be relevant. *Id.* I agree; at this time it is difficult, if not impossible, to determine whether Smith's state-court testimony will become relevant and otherwise admissible. Accordingly, any ruling in this regard would be premature. I therefore deny this motion without prejudice to its reassertion closer to or at trial when the parties can more clearly articulate their positions on the admissibility of this testimony.

### 2. Queries regarding the Honda Accord

During its investigation, Metro detectives noted that there had been several queries in the National Crime Information Computer regarding the Honda Accord Smith was driving at the time of his arrest. Doc. 133 at 3; 133-1 at 14. Smith seeks to exclude evidence of these queries, arguing that they do not prove any material fact and that they relate, if at all, to

---

[7] *Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3724896, at *2 (D. Nev. Sept. 17, 2010) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

1  "prejudicial inadmissible bad acts that tend to only prove that similar crimes were maybe
2  committed in a completely different State, and therefore, Mr. Smith's propensity to commit
3  crimes in this case." Doc. 133 at 11.
4        The government responds that this evidence is relevant because it helps explain how
5  law enforcement linked this particular vehicle to Smith, and "two of the NCIC inquiries place
6  the Honda Accord in Las Vegas, not California, on the dates that two of the robberies
7  occurred, and one of the queries was done a half an hour from the time one of the robberies
8  happened." *Id.*
9        The documents submitted by Smith to support his exclusion argument do not describe
10 why the license plate was queried several times and simply do not provide this court
11 sufficient context to conclude that this evidence should be excluded. Accordingly, I deny the
12 motion without prejudice to its reassertion at or near trial when the parties can better
13 articulate their positions on this evidence.

### 3. **Smith's 2007 misdemeanor citation**

15       Smith seeks to preclude introduction of a 2007 misdemeanor citation for possession of
16 marijuana. The government represents it will not seek to introduce this evidence. Doc. 137
17 at 4. As there is no dispute for the court to resolve in this regard, I will hold the government
18 to its representation, and I deny the motion as moot.

### 4. **Statements given by San Diego law enforcement to Metro regarding similar robberies in that area**

21       Smith next asks me to exclude documents from California law enforcement
22 investigations, numbered Bates pages 000018 to 000019, which are mentioned in Metro's
23 June 14, 2010, "Continuation Report," on grounds that they are prejudicial and confuse the
24 jury. Doc. 133 at 12. The government offers no response to this request. Under Nevada
25 Local Criminal Rule 47-9, "The failure of an opposing party to file points and authorities in
26 response to any motion shall constitute a consent to the granting of the motion."[8] The

---

[8] Nev. Loc. Crim. R. 47-9.

government's silence on this issue constitutes consent to granting Smith's request. Accordingly, this request is granted; the documents Bates stamped 18-19 will be excluded from trial.

### 5.     Reference to gang membership

Next, Smith seeks a blanket exclusion of any reference to gangs or gang involvement, arguing that "the only purpose for allowing law enforcement to tell the Jury about its speculative suspicion of gang involvement is to [incite] the Jury into convicting Mr. Smith, because he is allegedly in a gang." Doc. 133 at 13. Smith points to a 9-1-1 audio recording of a February 26, 2010, Arby's robbery, in which gang affiliation was claimed. *Id.* at 2, 13. In its response, the government notes that the Arby's robbery was not the only time defendants claimed gang membership; during an alleged April 27, 2010, robbery of a Game Stop store, "one of the defendants" stated that he was a "Westside Blood" who had "already done 10 years for this before." Doc. 137 at 5.[9] The government claims that all relevant evidence is inherently prejudicial and, in this case, the prejudice is not substantial when juxtaposed with other alleged statements of the defendants during the robberies in question, such as "Don't get up or I will shoot you," and "I'll put a hole in you if you set off the alarm." Doc. 137 at 5. It argues that "this is not a situation where the Government intends to argue gang membership equals criminal disposition." *Id.* Rather, it anticipates that the victims will testify that "the defendants themselves referred to gang membership during their commission of the charged crimes." *Id.*

Gang affiliation evidence, without more, is commonly barred because under Rule 404(b) it constitutes impermissible "[e]vidence of other crimes, wrongs or acts [introduced] to prove the character of a person in order to show action in conformity therewith."[10] However, where evidence of gang membership is directly related to the events in question, it

---

[9] The "Westside Bloods" are a known Las Vegas street gang. *Id.* at 137 n.2.

[10] Fed. R. Evid. 404(b).

does not constitute "other crimes" evidence barred by Rule 404(b).[11]  Instead, "evidence of gang affiliation is admissible when it is relevant to a material issue in the case."[12]  The prejudicial nature of such evidence can also be mitigated by a proper limiting instruction.[13]

It is not clear from the papers what evidence, exactly, the government intends to introduce at trial, making it difficult for me to reasonably assess its relevance and any prejudice.  Accordingly, I deny the motion to exclude such references without prejudice to its reassertion closer to or at trial when the request can be better evaluated in the context of the anticipated evidence.

**6.      The high-speed-chase video**

Smith also seeks to prevent the government from introducing "a Langley Productions Video titled Robbery/Bandana Case" that "contains a series of scenes involving the high-speed pursuit in the 2004 Honda Accord, scenes involving an interview" with Merritte, "interviews with investigating detectives," and "an interview with the victim of the home invasion."  Defendant notes that it is "unclear who is filming the video and the purpose of the video."  Doc. 133 at 4.  The government represents that it does not intend to introduce excerpts from the video, but reserves the right to request introduction of "stills or portions of the video at trial if either of the defendants opens the door."  Doc. 137 at 6.  As the government has disavowed any intention to introduce the video itself, it does not appear that there is a dispute over this evidentiary item for the court to resolve.  The request to exclude this evidence is thus denied as moot and without prejudice to its reassertion in the event the government seeks to introduce the video at trial.

---

[11] *United States v. Santiago*, 46 F.3d 885, 888 (9th Cir. 1995).

[12] *United States v. Easter*, 66 F.3 1018, 1021 (9th Cir. 1995).

[13] *United States v. Rodriguez*, 754 F.3d 1122, 1138-39 (9th Cir. 2014); *Takahashi*, 205 F.3d at 1165.

### 7. Co-defendant Merritte's state-court apology and other statements implicating Smith

Finally, Smith seeks to exclude his co-defendant, Merritte's apology during his state court sentencing and any other statement in which Merritte implicates Smith. The government represents that it will not seek to introduce these statements in its case in chief. Doc. 137 at 6. Accordingly, because there is no dispute over these evidentiary items, this request is denied as moot and without prejudice to its reassertion if the government seeks to introduce these statements in its case in chief.

### Conclusion

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Smith's Motion in Limine **[Doc. 133] is GRANTED** in part and **DENIED** in part:

- The unopposed request to exclude documents bates-stamped 18-19 is **granted**;
- The requests to exclude Smith's 2007 misdemeanor citation, the video, and co-defendant Merritte's statements are **denied as moot** because the government has represented it does not intend to introduce these evidentiary items; and
- The requests to exclude Smith's state-court testimony, queries in the National Crime Information Computer regarding the Honda Accord, and gang references are **denied without prejudice** to their reassertion at trial when the court has greater context to allow it to better assess these requests.

DATED: November 12, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE