**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Phillip Smith, et al.,<br><br>    Defendants. | Case No. 2:11-cr-58-JAD-CWH<br><br>**Order Overruling Objections to Findings and Recommendation and Denying Motion to Suppress and for *Franks* Hearing**<br>**[Docs. 134, 157, 160]** |

Philip Smith and co-defendant Develle Merritte are charged with more than 25 counts in connection with a 2010 series of armed robberies. Doc. 53. Smith argues that the evidence seized pursuant to a search warrant from a 2004 Honda Accord and a residence at 3032 Beaufort Court in North Las Vegas, along with DNA evidence obtained from a buccal swab from Smith, must be suppressed because the judge lacked probable cause to issue the search warrant, and he requests a suppression hearing under *Franks v. Delaware*. Doc. 134.

Magistrate Judge Hoffman considered the motion, found that Smith is not entitled to an evidentiary hearing because he has not demonstrated that any alleged misrepresentations contained in the warrant application had a material effect on the issuance of the warrant, and recommends denial of the motion. Doc. 157. Smith objects to the magistrate judge's Findings and Recommendation. Doc. 160. Having considered the issues raised by Smith's objections *de novo*, I agree with Magistrate Judge Hoffman, overrule Smith's objections, and deny the motion.

**Background**

Phillip Smith and Develle Rural Merritte are charged with one count of conspiracy to interfere with commerce by armed robbery, thirteen counts of use of a firearm during and in relation to a crime of violence, and twelve counts of interference with commerce by robbery

in relation to a series of armed robberies dubbed "the bandana robberies" due to the attire the perpetrators wore to conceal their identities.

On May 18, 2010, Las Vegas Metro Detective Sclimenti applied telephonically for, and obtained, a search warrant from Nevada State Court Judge Timothy Williams. Doc. 134-1. Detective Sclimenti's application was part of an ongoing investigation into a series of 21 robberies, beginning on January 18, 2010, with the most recent occurring on April 27, 2010. Doc. 134-1 at 3. Sclimenti affirmed that the modus operandi in many of the robberies suggested that the crimes had been committed by the same suspects because, to commit the crimes, two suspects, wearing masks and gloves, entered a business, pointed handguns at the patrons, demanded money from both the store owners and the patrons, and forced the employees to a storage area or walk-in freezer before finally exiting the business. Doc. 134-1 at 3-4.

Detective Sclimenti further explained that during a February 13, 2010, armed robbery at a local Subway restaurant, a gray 2004 Honda Accord "was seen fleeing the area through the drive-through." Doc. 134-1 at 5. A records check revealed that the car was registered to one Joey Miller, who—a subsequent social-media investigative search suggested—was a possible associate of Defendant Smith. *Id.* Smith's own social media page contained pictures of a gray Honda Accord. *Id.* at 6. Detective Sclimenti detailed a number of occasions in which Smith and Merritte rode in a Honda and stopped in various shopping mall parking lots with no apparent business purpose, and then specifically described several of the robberies. *See id.* at 5-11. Sclimenti also indicated that the Honda had stopped at, among other places, Smith's residence at 3032 Beaufort Court, Las Vegas, Nevada. *See id.* Sclimenti sought a warrant to search five locations:

1. 3032 Beaufort Court, Smith's residence;

2. 4650 North Rainbow, Building 18, Apartment 2135, purportedly Merritte's residence;

3. 3318 North Decatur, Apartment 1116, purportedly where Smith and Merritte spent a good deal of time;

4. 6500 West Charleston, Apartment 206, Merritte's other residence;

5. A 2004 Honda Accord, California license plate number 6APM607.

Doc. 134-1 at 15-16. The targets of the search included gloves, bandanas and/or masks used in the robberies, and video game consoles purportedly stolen in the robberies. Doc. 134-1 at 12. Judge Williams found probable cause and issued the warrant. Doc. 134-1 at 16. The search warrant was carried out in May 2010, and Smith and Merritte were indicted in February 2011, with a superseding indictment following in May 2012.

Smith contends that he is entitled to a an evidentiary hearing under *Franks v. Delaware*,[1] because Detective Sclimenti's affidavit upon which the search warrant was issued contained material misrepresentations of the facts, and Judge Williams lacked probable cause. Doc. 134. The motion was referred to Magistrate Judge Hoffman under 28 U.S.C. § 636, who issued a detailed, 15-page findings and recommendation denying the motion because Smith has not demonstrated that Detective Sclimenti misrepresented the facts upon which probable cause was found or that any misrepresentations were material to Judge Williams's probable-cause determination. Doc. 157. Smith has objected to Judge Hoffman's order by essentially regurgitating (often in verbatim paragraphs) all of his original arguments.[2] After conducting a *de novo* review of Smith's objections, I find none of them persuasive, adopt Judge Hoffman's findings and recommendation in their entirety, and deny the motion.

## Discussion

**A.    Standards of Review**

28 U.S.C. § 636(b)(1)(A) permits a U.S. Magistrate Judge to "hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss or quash an indictment or information made by the defendant."[3] "Within 14 days after being served with

---

[1] 438 U.S. 154 (1978).

[2] Although it is an open question whether Smith's objections are either timely or specific enough to warrant individualized review, out of an abundance of caution, I consider them on their merits.

[3] *Id.*

a copy of the [magistrate judge's] recommended disposition . . . a party may serve and file specific written objections to the proposed findings and recommendations. . . . Failure to object in accordance with this rule waives a party's right to review."[4]

A district court reviews objections to a magistrate judge's proposed findings and recommendations *de novo*.[5] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[6] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[7] This district's Local Rule IB 3-2(b) requires *de novo* consideration of specific objections only.[8] As Smith appears (by reasserting all of his original arguments) to be objecting to the magistrate judge's entire ruling, I employ a *de novo* review standard.

**B.   Smith is not entitled to a *Franks* hearing.**

The Fourth Amendment to the United States Constitution provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be search, and the persons or things to be seized."[9]   Although a duly issued warrant is presumed valid, under *Franks*, a defendant may obtain an evidentiary hearing to ascertain whether it was supported by probable cause.[10]  To obtain a *Franks*

---

[4] *Id.*

[5] Fed. R. Crim. Proc. 59(b)(3).

[6] *Id.*

[7] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (a "district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

[8] *See* Nevada L.R. IB 3-2(b) (requiring *de novo* consideration of specific objections only); *United States v. Burkey*, 2009 WL 1616564, at *2 (D. Nev. June 8, 2009) (finding that defendant did not specifically object to magistrate judge's recommendation denying motion to dismiss criminal indictment, where defendant "copied and posted his Motion to Dismiss and recast it as Objections."); *cf. Carrillo v. Cate*, 2009 WL 2575888, at *1 (S.D. Cal. Aug. 17, 2009) (citing *Burkey*, and noting that "generalized objections" do not require *de novo* review).

[9] U.S. Const. amend. IV.

[10] *Franks*, 438 U.S. at 155-56.

hearing, the defendant must make a preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information.[11] "To justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof."[12] "The effect of misrepresentations and omissions on the existence of probable cause is considered cumulatively."[13]

### 1. The Honda Accord license plate number

Smith argues that Detective Sclimenti misled Judge Williams by attesting that he had obtained the full license plate number for a gray 2004 Honda Accord linked to several robberies when, in fact, the only sighting of the Honda at a robbery incident—on a February 13, 2010, surveillance video—captured only three of the seven license plate characters. Doc. 134 at 12-15. Smith contends this casts doubt whether the Honda Accord that Metro ultimately searched pursuant to the warrant was the same car seen on the February 13, 2010, surveillance video. *Id.* at 14-15.

Judge Hoffman thought otherwise and found that although Sclimenti's affidavit did not describe all the steps he took to ascertain the full license plate number, these facts were nonetheless in the record, and Sclimenti was not required to place all of them in his affidavit. Doc. 157 at 7. Judge Hoffman further found that there was ample alternative evidence in the record from which Judge Williams could have found probable cause to authorize the search of the Honda because Sclimenti's conclusions were reached after a comprehensive criminal investigation. Doc. 157 at 6-9. Smith objects to this finding. Doc. 160 at 14-16.

"The government need not include *all* of the information in its possession to obtain a search warrant. An affidavit need only show facts adequate to support a finding of probable

---

[11] *Id.*

[12] *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted).

[13] *United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985) (citation omitted).

cause."[14]  "Only if the omitted facts cast doubt on the existence of probable cause do they rise to the level of misrepresentation."[15]

When viewing the record under this standard, I agree with Judge Hoffman that the disclosed information supports a finding of probable cause.  The evidence before Judge Williams indicated that Metro's investigation included the video surveillance of the gray Honda Accord and its partial California license plate, that Metro made subsequent "partial tag" inquiries of the California Department of Motor Vehicles, and that the tag was "eventually narrowed down" to one possibility: tag no. 6APM607.  Doc. 134-2 at 14.  There was also evidence linking the car's registered owner, Joey Miller, to Smith through a shared social-media connection, and Smith's own Myspace page showed "pictures of a vehicle which is believed to be the Honda Accord registered to Miller and this vehicle is entirely consistent with that seen in the surveillance footage from the robbed business on February 13, 2010."  *Id.*  In sum, sufficient corroborating evidence existed in the record for Metro to reach its conclusions about the car's full license plate number.  Thus, the omitted facts do not amount to a material misrepresentation that cast doubt on the existence of probable cause.  Smith's objection is overruled.

### 2.    Color of vehicle; descriptions of suspects

Smith also argues that Detective Sclimenti intentionally or recklessly omitted from his affidavit the facts that (1) on January 27, 2010, the victims stated that the robbery's perpetrators fled in a black four-door sedan; and (2) there were demographic irregularities in reports of eyewitnesses regarding the suspects.  Doc. 134 at 15.[16]  Judge Hoffman found that Smith failed to identify statements in the affidavit that were technically true but misleading; that Smith made no preliminary showing of how Judge Williams was misled by the

---

[14] *United States v. Johns*, 948 F.2d 599, 606 (9th Cir. 1991) (citation omitted) (emphasis in original).

[15] *United States v. Garza*, 980 F.2d 546, 551 (9th Cir. 1992) (quoting *Johns*).

[16] Smith also contends that during a May 22, 2010, Thai Taste robbery, a victim identified a suspect as "white."  *Id.*  This overlooks the fact that the warrant application was made on May 19, 2010, although it was transcribed on May 24, 2010.  Doc. 134-1 at 16-18.

statements or how they would have materially altered a probable-cause determination; and that, because the investigative records summarized a number of separate robberies, some deviation in the information provided by eyewitnesses was reasonable. Doc. 157 at 10. Judge Hoffman also noted that "[a]n affiant is not required to provide general information about every possible theory, no matter how unlikely, that would controvert the affiant's good-fath belief that probable cause existed." *Id.* Smith objects that these omissions allowed Detective Sclimenti to "present[] a conveniently incomplete picture of the facts in support of probable cause." Doc. 160 at 17.

Upon review of the contested statements, I conclude that—even assuming *arguendo* that Smith could make his preliminary showing[17]—these statements are not material misrepresentations because they do not cast doubt upon Judge Williams's probable cause finding. It is undisputed that the affidavit was premised upon 21 separate robberies for which Metro's investigation report reveals considerable consistency. *See* Doc. 134-2. The occasional inconsistencies in eyewitness reports are not sufficient to undermine Judge Williams's probable cause finding. Smith's objection is overruled.

**C.   Sufficiency of Evidence to Support Probable Cause**

Smith also claims that the nexus between the Honda and the bandana robberies in general was tenuous, as it was positively identified in just one of the 21 robberies and during a home invasion that was not part of the retail-store theft spree. Doc. 134 at 16-17. Judge Hoffman disagreed, relying on the reasoning he developed when discussing the Honda's license plate number, as well as the differing descriptions of the suspects and the cars they used. *See* Doc. 157 at 12-13.

Having reviewed the record, I agree with Judge Hoffman's findings. Although the Honda is only referenced in 1 of the 21 robberies noted in Sclimenti's affidavit, the details of the getaway car are not mentioned in a number of the other robberies, and it is entirely possible, given the documentation that Smith and Merritte were observed in the Honda while

---

[17] *See United States v. Jawara*, 474 F.3d 565, 582 (9th Cir. 2007).

1  allegedly "casing" potential robbery sites, that the Honda was used on more than one
2  occasion.  *See* Doc. 134-2.  Defendant's objection is overruled.

**D.    Staleness of the Evidence**

Smith also argues that the information supporting the search warrant was stale because more than three months passed between the February 13, 2010, Subway robbery—the only one in which the Honda was caught on videotape—and the date of the affidavit. Doc. 134 at 18-19.  Evaluating Smith's staleness argument "in light of the particular facts of the case and the nature of the criminal activity and property sought," Judge Hoffman concluded that the alleged robberies were ongoing, and the most recent robbery had occurred just three weeks before the warrant request; and several days prior to the request, Smith and Merritte were seen "casing" other similar businesses.  Doc. 157 at 13-14.  Citing legal authority that suggests a court "may infer that equipment acquired to accomplish a crime will be kept for some period of time," Judge Hoffman found that the evidence connecting the Honda to the crimes was not stale.  *Id.* at 14.  Smith objects to Judge Hoffman's finding by rehashing the arguments he presented in his original motion.

I again agree with Judge Hoffman that the evidence was not stale, given the relatively short time between the last alleged robbery and the warrant application.  Although the Honda was only captured on video on one occasion, given the amount of evidence collected placing Smith and Merritte in the Honda, it is possible that the Honda was used in more recent robberies.  Even if it was not, it was still reasonable for Judge Williams to conclude that the items Metro was searching for in the Honda (including ordinary items of clothing) would still be present in the Honda even three months after the February 13, 2010, Subway robbery.  For both reasons, Smith's objections are overruled.

**E.    The 3032 Beaufort Court search and the DNA swab**

Smith offers the same arguments to challenge the search of his residence at 3032 Beaufort Court and the DNA swab he provided.  Doc. 134 at 19-20.  He offers the conclusory argument that the connection between the property and the alleged crimes was tenuous and speculative and based on detectives' conclusions that Smith was "casing"

various businesses simply because they observed him "going to and leaving from the residence" and near two Thai restaurants, a Subway, a Rebel gas station, and through the parking lots of several other businesses. *Id.* at 20-21. Judge Hoffman rejected these arguments; undeterred, Smith reurges them nearly verbatim in his objection. Docs. 157 at 12-13, 160 at 19-20.

I agree with Judge Hoffman that Judge Williams had "ample probable cause to believe evidence of the robberies [would] be found" in the vehicle and Smith's residence, and Smith failed to make the required showing to merit a *Franks* hearing on any of these searches. Because Judge Williams had a substantial basis for finding probable cause to issue the search warrant based on the totality of the evidence he was presented, I agree with Judge Hoffman's findings and recommendation and overrule Smith's objection.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

- Smith's Objections to Report and Recommendation **[Doc. 160] are OVERRULED**;
- Magistrate Judge Hoffman's Findings and Recommendation **[Doc. 157] are adopted** in their entirety; and
- Smith's Motion to Suppress and Request for Evidentiary Hearing **[Doc. 134] is DENIED.**

DATED: November 12, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE