# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

United States of America,

    Plaintiff,

v.

Phillip Smith, et al.,

    Defendants.

Case No. 2:11-cr-58-JAD-CWH

**Order Re: Doc. 173**

Defendant Philip Smith moves for a medical examination to determine his competency under Federal Rule of Criminal Procedure 12.2 and 18 U.S.C. § 4241(a),[1] arguing that his counsel has "some concerns" whether Smith is "mentally competent . . . to understand the nature of and consequences [of the charges] against him." Doc. 166 at 6. Magistrate Judge Hoffman considered the motion, found that Smith did not make a threshold showing of "reasonable cause" that he is "presently" suffering from a such a mental disease or defect, and denied the motion. Doc. 172. Smith appeals that ruling, claiming that HIPAA, the Federal Rules of Evidence, and the Nevada Rules of Professional Responsibility prevented his counsel from providing the evidence necessary to demonstrate "reasonable cause" for a competency evaluation. Doc. 173.[2] Having thoroughly considered the record, I do not find that Magistrate Judge Hoffman's decision was contrary to law or clearly erroneous, and I affirm his denial of Smith's motion.

## Discussion

28 U.S.C. § 636(b)(1)(A) provides that a U.S. Magistrate Judge may be designated to "hear and determine any pretrial matter pending before the court."[3] Federal Rule of Criminal Procedure

---

[1] Smith originally filed the motion on an *ex parte* basis, but it was stricken and he was ordered to file it publicly. *See* Doc. 164, 165.

[2] The government has filed a response, in which it reiterates the arguments it raised when the matter was before Judge Hoffman. Doc. 177 (citing Doc. 170). I will refer to Doc. 170 for the remainder of this order.

[3] 28 U.S.C. § 636(b)(1)(A). There are several exceptions to this provision, none of which are relevant here.

59(a) permits me to refer non-dispositive matters to a magistrate judge, which I may review on timely objection "and modify or set aside any part of the order that is contrary to law or clearly erroneous."[4]

Federal Rule of Criminal Procedure 12.2(c)(1)(A) permits the court to "order the defendant to submit to a competency examination" at any time prior to sentencing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."[5] Smith does not contend that he presented evidence to satisfy the "reasonable cause" standard. Instead his counsel offers a series of reasons why he did not present that evidence: disclosure of the information supporting his reasonable-cause belief would violate the Nevada Rules of Professional Conduct, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Federal Rule of Evidence 502, and the attorney-client privilege. Doc. 173 at 7-8. Without knowing the nature of the evidence that has given Smith's counsel a belief that a competency evaluation is warranted, it is impossible for the court to fairly assess all of these concerns or understand why they cannot be sufficiently protected by properly seeking a sealing or other protective order. Indeed, courts are routinely provided with mental health records in competency proceedings.[6] Regardless of why Smith failed to offer evidentiary support for his motion, the fact is, he did; and the Magistrate Judge's denial of Smith's motion due to that complete lack of evidentiary support to satisfy the "reasonable cause" standard was neither clearly erroneous nor contrary to law.[7]

---

[4] Fed. R. Crim. Proc. 59(a).

[5] 18 U.S.C. § 4241(a).

[6] *See, e.g.*, *United States v. Guerrero*, 693 F.3d 990, 994-95 (9th Cir. 2012); *United States v. Curran*, 2006 WL 1159855, at *4-*5 (D. Ariz. May 2, 2006).

[7] This ruling in no way precludes Smith from filing a new motion with evidentiary support.

**Conclusion**

Accordingly, the Magistrate Judge's Order denying Smith's Motion for a Determination of his Mental Competency to Stand Trial [#172] is AFFIRMED, and Smith's Objections [#173] to that order are OVERRULED.

DATED: December 1, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE