UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|           Plaintiff, ) | Case No.  2:11-cr-00058-JAD-CWH |
| vs. ) | **REPORT AND RECOMMENDATION** |
| PHILLIP SMITH, *et al*., ) | |
|           Defendants. ) | |

This matter was referred to the undersigned magistrate judge on Defendant Phillip Smith's ("Smith") Motion to Suppress (doc. # 199), filed June 10, 2015.  The Court also considered the government's response (doc. # 200), filed June 29, 2015, and Smith's reply (doc. # 201), filed July 3, 2015.

**BACKGROUND**

Smith and Develle Rural Merritte ("Merritte") are charged by way of a superseding criminal indictment with: one count of Conspiracy to Interfere with Commerce by Armed Robbery in violation of 18 U.S.C. § 1951; thirteen counts of Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § § 924(c)(1)(A)(ii) and 924(c)(2); and, twelve counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951.  *See* Doc. # 53 (superseding indictment).

In 2010, the Las Vegas Metropolitan Police Department ("Metro") investigated a series of robberies that occurred between January and April at several businesses in Las Vegas.  Metro identified a specific Honda Accord as the vehicle involved in one of the robberies during that time. Over several weeks, detectives conducted physical surveillance of that Honda Accord.

1    On May 18, 2010, Smith and Merritte were arrested for invading a home in which an individual was purportedly shot. The arrests of Smith and Meritte occurred following a high-speed vehicular chase in Las Vegas that ended when the Honda Accord, driven by Smith, collided with another vehicle. Merritte, who was in the vehicle with Smith, fled the scene and was arrested following pursuit by Metro officers.

Thereafter, during the early morning hours of May 19, 2010, Detective Sclimenti submitted an affidavit ("Sclimenti affidavit") in support of a telephonic search warrant that was granted by Nevada Eighth Judicial District Judge Timothy Williams ("Judge Williams"). The warrant allowed law enforcement to obtain buccal swabs from Smith, and to search the Honda Accord and Smith's residence in Beaufort Court, North Las Vegas.

## DISCUSSION

Smith moves for a hearing, under *Franks v. Delaware*, 438 U.S. 154 (1978), to suppress the evidence seized pursuant to the May 19th search warrant on grounds that the: (1) Sclimenti affidavit supporting the search warrant contains false or omitted facts, and (2) the government failed to provide Smith with exculpatory evidence in its possession.

In response, the government first points out that Smith's motion is untimely. The government then argues that Smith is not entitled to a *Franks* hearing on the sufficiency of Sclimenti's affidavit. The government also argues that there is sufficient evidence upon which to base a finding of probable cause for the search warrant. The government further argues that no basis exists for Smith's assertion that it has failed to produce exculpatory evidence.

**A.    Timeliness of Smith's Motion**

While the government argues that Smith's motion to suppress is untimely, a review of the record reveals that no motions deadline exists and that the district judge made no ruling on a timeline for this case, presumably as a result of the extensive discovery in this matter. *See* Doc. # 116. As such, the instant motion is not untimely.

**B.    *Franks* Hearing**

Smith alleges that he is entitled to a *Franks* hearing because the following statement in the Sclimenti affidavit contains false or omitted facts:

2

> On February 13th, 2010 under LVMPD Event #100213-1095, an armed robbery occurred at the Subway, located at 6150 West Charleston, Las Vegas, Nevada 89107. During that particular event a suspect vehicle, 2004 gray Honda Accord, California plate 6 Adam, Paul, Mary, 6-0-7, was seen fleeing the area through the drive-through. The incident was captured on video surveillance.

Doc. # 199 at 7.

Smith explains that discovery has revealed that a Subway store's video camera recorded a 2004 gray Honda Accord (California plate # 6APM607) fleeing the area through the store's drive-through, with each still-shot picture containing exactly the same time stamp of "Drive Thru 2/13/2010 8:14:59 AM." Doc. # 199 at 2. Smith argues that the Sclimenti affidavit fails to report that the same time stamp appears on all the pictures taken, and therefore the Sclimenti affidavit is false and misleading as to the time of the robbery.

A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if the defendant can make a substantial preliminary showing that: (1) the affidavit contains intentionally or recklessly false statements or misleading omissions, and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *See United States v. Reeves*, 210 F.3d 1041, 1044 (9th Cir. 2000); *see also Franks*, 438 U.S. 154 (1978); *United States v. Stanert*, 762 F.2d 775 (9th Cir. 1985) (holding that defendant could challenge a facially valid affidavit by making a substantial preliminary showing that the affiant intentionally or recklessly omitted facts required to prevent a technically true statement in the affidavit from being misleading); *United States v. Jawara*, 474 F.3d 565 (9th Cir. 2007) (Intentional or reckless omissions may also provide grounds for a *Franks* hearing). "To justify a hearing, a defendant must make specific allegations including one of a deliberate falsehood or reckless disregard for the truth and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted).

As a preliminary matter, this Court notes that it previously analyzed the accuracy of the affidavit and concluded in its report and recommendation ("report") that the affidavit does not contain false or inaccurate information. *See* Doc. # 157. Indeed, under the totality of circumstances, this Court found it reasonable for Judge Williams to conclude that the robberies were committed by the same suspects and that the warrant was sufficient, and the district judge subsequently adopted this Court's

1  report. *Id.* at 6-9; *see also* Doc. # 180.

2  Turning to the instant motion, this Court finds that Smith does not produce any information supporting a claim that failure to include the correct time stamp in the affidavit was reckless or intentional. "Deliberate intent to deceive or reckless disregard for the truth can be inferred from the omission of material facts that would have negated probable cause." *United States v. May*, No. 2:08-CR-00012-PMP-GWF, 2009 WL 1542557, at *9 (D. Nev. May 29, 2009). In this case, however, the omitted information does not negate the existence of probable cause–an issue thoroughly addressed in this Court's prior report. *See* Doc. 157 at 6-9. Indeed, the "omission rule" does not require an affiant to provide information about every possible theory that would controvert the good faith assertion of probable cause. *See United States v. Craighead*, 539 F.3d 1073, 1081 (9th Cir. 2008). Here, the statement provided to Judge Williams did not allege that the robberies occurred at a particular time of the day. As it stands, therefore, the Court finds nothing before it that would trigger a *Franks* hearing in this case.

### C. *Brady* Violation and Exculpatory Evidence

Smith alleges that the surveillance video, which law enforcement recovered from a Papa John's store robbery, should be suppressed because the video contains missing time frames.[1] Additionally, Smith argues that the still-shots from the Subway store robbery, referenced above, should be suppressed because the information purportedly has material exculpatory value, which should have been produced under *Brady v. Maryland*, 373 U.S. 83 (1863).

The government first points out that the Papa John's surveillance video was recovered from the store and added into evidence. The government also alleges that it provided Smith with a copy of the information law enforcement recovered from the store. The government adds that even if there is a period of time not captured by the Papa John's surveillance video, the Sclimenti affidavit presents sufficient probable cause for the search.

Under *Brady,* the prosecution's failure to disclose evidence on demand that is favorable to an accused violates due process when that evidence is material either to a defendant's guilt or punishment,

---

[1] Detective Sclimenti did not specifically discuss the Papa John's robbery in his affidavit, and so it had no bearing on Judge Williams's determination of probable cause.

irrespective of whether the prosecution withheld the evidence in good or bad faith. 373 U.S. at 87. Here, Smith makes unsupported allegations that law enforcement suppressed evidence. Smith provides no factual or legal basis to support his claim that the gaps in the surveillance video contain material with an exculpatory value. Nor does Smith provide any argument that the evidence he claims is lost is material either to his guilt or punishment. The Court also notes that the government cannot provide what it does not possess. As such, the Court finds that the government neither committed a *Brady* violation, nor failed to produce exculpatory evidence.

## RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendant Phillip Smith's Motion to Suppress (doc. # 199) be **denied**.

## NOTICE

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this Report and Recommendation may file a written objection supported by points and authorities within fourteen days of being served with this Report and Recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: August 18, 2015

_____
C.W. Hoffman, Jr.
United States Magistrate Judge