**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:11-cr-00058-JAD-CWH |
| ) | |
| vs. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| PHILLIP SMITH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter was referred to the undersigned magistrate judge on Defendant Phillip Smith's ("Smith") motion to dismiss (ECF No. 208), filed October 15, 2015, the government's response (ECF No. 213), filed November 9, 2015, Smith's reply (ECF No. 214), filed November 13, 2015, and Smith's supplement (ECF No. 218), filed December 1, 2015.  The government did not respond to Smith's supplement.

Also before the Court are Defendant Develle Merritte's ("Merritte") unopposed motions for joinder to Smith's motion to dismiss (ECF No. 209), filed October 22, 2015, Smith's reply (ECF No. 215), filed November 13, 2015, and Smith's supplement (ECF No. 219), filed December 4, 2015.[1] The government did not respond to Smith's supplement.

## BACKGROUND

Smith and Merritte (collectively "defendants") are charged by way of a superseding indictment with one count of Conspiracy to Interfere with Commerce by Armed Robbery, in violation of 18

---

[1] In light of the government's lack of opposition, and good cause appearing, the Court **grants** Merritte's motions for joinder (ECF Nos. 209, 215, 219).

U.S.C. § 1951, thirteen counts of Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 924(c)(2), and twelve counts of Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951. *See* ECF No. 53.

## DISCUSSION

**1.    Legal Standard**

Federal Rule of Criminal Procedure 12(b) provides that "any defense, objection, or request that the court can determine without trial on the merits" may be raised by pretrial motion. Fed. R. Crim. P. 12(b)(1). A motion to dismiss is generally capable of determination before trial "if it involves questions of law rather than fact." *See United States v. Yip*, 248 F. Supp. 2d 970, 972 (D. Haw. 2003) (citing *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). The sufficiency of an indictment is judged by "whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). The indictment itself should be "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3) construed according to common sense." *Id.* at 899.

**2.    Analysis**

In the instant motion, defendants move to dismiss all counts that allege a violation of 18 U.S.C. § 924(c) for failure to state a claim. Each § 924(c) count provides an additional period of imprisonment for using or carrying a firearm in furtherance of a "crime of violence." Defendants argue that a Hobbs Act robbery under 18 U.S.C. § 1951 is not a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3)(a) because robbery can purportedly be committed without the use, attempted use, or threatened use of violent physical force. Defendants note that under the "categorical approach," an offense qualifies as a crime of violence only if a necessary element of the offense includes the use, attempted use, or threatened use of violent physical force. The U.S. Supreme Court has interpreted the phrase "physical force" in the Armed Career Criminal Act's ("ACCA") "force" clause to mean "*violent* force, that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010). Defendants argue that a violation of the Hobbs Act can occur by putting someone in fear of injury that could have been caused by something

other than a defendant's actual or threatened use of violent physical force under 18 U.S.C. § 1951(b)(1). Defendants therefore conclude that 18 U.S.C. § 924(c) does not apply because a Hobbs Act robbery is not a "crime of violence." Moreover, defendants argue that the "residual clause" of § 924(c) is unconstitutionally vague under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and therefore cannot be a basis for a violation of the Hobbs Act.

In response, the government argues that a Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s force clause. The government also argues that the modified categorical approach applies because the Hobbs Act is "divisible" and therefore the Court need not apply the vagueness argument found in *Johnson v. United States*.

Defendants, in their reply and supplement, reiterate their earlier assertions.

### a.    Categorical and Modified Categorical Approaches

As a preliminary matter, the Court notes that the parties have argued the sufficiency of the indictment for an application of the "categorical" and "modified categorical" approaches. The categorical approach has consistently been used by sentencing courts in evaluating a prior conviction–often interpreting a state criminal statute–to determine whether its elements fall within the definition of "crime of violence" in the ACCA. *See generally Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). The categorical approach has also been found applicable to evaluate collateral immigration consequences. *See Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014). However, this Court did not find binding precedent that applied the categorical approach to a § 924(c) indictment.

Nevertheless, the U.S. Supreme Court has offered guidance, in *Taylor v. United States*, 495 U.S. 575 (1990), by explaining that categorical and modified categorical analyses are a product of the ACCA, 18 U.S.C.§ 924(e)(2)(B). The ACCA enhances punishments for persons with three prior convictions involving a violent felony or serious drug offense. *Taylor,* 495 U.S. at 582 (citing 18 U.S.C. § 924(e)(1)). In discussing the enhancements provided in § 924, the U.S. Supreme Court concluded that Congress intended the sentencing court to look only to the fact that a defendant had been convicted of crimes falling within certain categories, and not to facts underlying prior convictions. *Id*. at 600. The Supreme Court in *Taylor* explained the practical difficulties and potential

unfairness of doing otherwise, particularly in light of the limited record regarding previous offenses before the sentencing court. *Id*. In cases where the government alleges that a defendant's actual conduct would fit the generic definition of a "crime of violence," the trial court would have to determine what that conduct was. *Id*. at 601. In some cases, the indictment or other charging paper might reveal the theory or theories of the case presented to the jury. *Id*. In other cases, however, only the government's actual proof at trial would indicate whether a defendant's conduct constituted a "crime of violence." *Id*. The Supreme Court has therefore concluded that the only plausible interpretation of the enhancement provisions of the ACCA is that "it generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Id*. at 602. Based on this Court's review of case law, the analysis in *Taylor* has been uniformly applied by federal courts in determining whether sentencing enhancement statutes are applicable to qualifying offenses of conviction. *See Johnson v. United States*, 135 S.Ct. 2551 (2015) (In finding that the "residual clause" of the ACCA violated the Due Process Clause, the Supreme Court invoked the lessons of *Taylor* to reiterate the utility of the categorical approach.).

    **b.  Categorical Approach Inapplicable**

The Court finds nothing to justify an application of the categorical approach in evaluating the sufficiency of the pending indictment. Section 924(c) is not a recidivist statute, and it does not require this Court to make a determination on a prior conviction. Section 924(c) also does not mention prior "convictions," i.e., the language found by the Supreme Court in *Taylor* to indicate a showing of congressional intent that would trigger a sentencing court to view an offense categorically. *See Shepard v. United States*, 544 U.S. 13, 23 (2005) (noting that the categorical approach is an "issue of statutory interpretation"); *United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL 7738032, at *5 (N.D. Ind. Dec. 1, 2015) (discussion of categorical approach and § 924(c)). The complications surrounding the ACCA do not carry over to § 924(c). In fact, § 924(c) does not criminalize the underlying predicate offense but rather proscribes, as a separate and distinct offense, the use or carry of a firearm during the commission of, or in relation to, the predicate offenses. *See United States v. Hunter*, 887 F.2d 1001, 1002 (9th Cir. 1989) (holding that 18 U.S.C. § 924(c) does not require a defendant to be charged with, or convicted of, the underlying offense, so long as the underlying

conduct is proven as an element of the firearm charge); *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989) (The Ninth Circuit has "long held [that] section 924(c)(1) defines a separate crime rather than merely enhancing the punishment for other crimes."). If the underlying offense need not be charged, then the sufficiency of the § 924(c) charge itself does not depend upon the "category" of the underlying offense, and should not be the basis to dismiss the § 924(c) charge.

The Court is also not persuaded that the categorical or modified categorical approaches are applicable when the violent nature of the alleged robberies is apparent from the face of a pending indictment. To prove a violation of 18 U.S.C. § 924(c)(1)(A), the government must show that defendants: (1) carried a firearm; (2) committed all the acts necessary to be subject to punishment for a crime of violence; and (3) carried the gun during and in relation to that crime. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999). Because the Hobbs Act robberies, as charged in this case, include as an essential element, physical violence or a threat of physical violence, there is no doubt that such an offense would be well within the definition of a "crime of violence" under § 924(c)(3)(A). *See e.g.* ECF No. 53 (Count one of the superseding indictment states that robbery, as that term is defined, is "by means of actual and threatened force, physical violence, and fear of injury, immediate and future."). A jury will be required in this case to determine whether the necessary elements have been established beyond a reasonable doubt. Therefore, § 924(c) does not implicate any of the problems that exist under the ACCA in having to reconstruct, long after an original conviction, the conduct underlying the predicate offense. Accordingly, defendants' motion to dismiss is denied because the face of the indictment sufficiently alleges the elements of the offense, i.e., use of a firearm during and in relation to a crime of violence.[2]

## ORDER AND RECOMMENDATION

Accordingly, **IT IS HEREBY ORDERED** that Merritte's motions for joinder (ECF Nos. 209, 215, 219) are **granted**.

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss (ECF No. 208) be **denied**.

---

[2] Because the Court denies defendants' motion at this juncture, the Court will not address the government's arguments regarding application of the alternative categorical approach.

**<u>NOTICE</u>**

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 22, 2015

_____
C.W. Hoffman, Jr.
United States Magistrate Judge