UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff<br><br>v.<br><br>Phillip Smith and Develle Rural Merritte,<br><br>        Defendants | 2:11-cr-00058-JAD-CWH<br><br>**Order Granting in Part and Denying in Part Motion to Dismiss**<br><br>[ECF Nos. 208, 220, 223, 224] |

    Phillip Smith and Develle Merritte are accused of a series of 2010 armed robberies dubbed the "bandana robberies."[1] The superseding indictment charges them with robbery and conspiracy to commit robbery in violation of the Hobbs Act[2] and with using a firearm during these "crimes of violence"[3] in violation of 28 U.S.C. § 924(c).

    The defendants move to dismiss all of the § 924(c) counts,[4] arguing that Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not qualify as crimes of violence under the force clause of § 924(c), and that § 924(c)'s residual clause is unconstitutionally vague in light of the Supreme Court's decision last term in *Johnson v. United States*.[5] Magistrate Judge Hoffman considered the motion and recommends that I deny it;[6] defendants object.[7] Having reviewed Magistrate Judge Hoffman's findings and conclusions de novo, I overrule in part and sustain in part

---

[1] ECF No. 53.

[2] 18 U.S.C. § 1951.

[3] ECF No. 53.

[4] ECF No. 208 at 1. Magistrate Judge Hoffman granted Merritte's unopposed motion for joinder in Smith's motion to dismiss. ECF Nos. 209, 220.

[5] ECF No. 208; *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).

[6] ECF No. 220.

[7] ECF No. 223. I grant Merritte's unopposed motion for joinder in Smith's objection. ECF No. 224.

defendants' objections, adopt Magistrate Judge Hoffman's findings and conclusions to the extent that they are consistent with this order, dismiss the § 924(c) charge predicated on conspiracy to commit robbery (count 2) because the residual clause of § 924(c) is unconstitutionally vague in light of the Ninth Circuit's recent decision in *Dimaya v. Lynch*,[8] and allow all other § 924(c) charges to proceed.

## Background

**A.    The indictment**

Smith is charged with one count of conspiracy to interfere with commerce by robbery in violation of the Hobbs Act (18 U.S.C. § 1951), one count of using a firearm in relation to that conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(ii), ten counts of Hobbs Act robbery, and ten counts of using a firearm in relation to those robberies, all for conduct between January 18, 2010, and April 27, 2010.[9] Merritte is charged with those crimes plus one extra Hobbs Act robbery count for a May 15, 2010, Subway restaurant robbery and one extra § 924(c) charge for using a gun during that offense.[10]

The Hobbs Act, 18 U.S.C. § 1951(a), "prohibits any robbery or extortion or attempt or conspiracy to rob or extort that 'in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce.'"[11] Title 18 U.S.C. § 924(c) separately criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. Section 924(c) defines "crime of violence" in two ways. Section 924(c)(3)(A), also known as the statute's "force clause," includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)(B), known as the "residual clause" of the statute, encompasses any

---

[8] *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).

[9] ECF No. 53.

[10] *Id*.

[11] *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004) (quoting 18 U.S.C. § 1951(a)).

felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

**B.    Motion to dismiss**

During the last term in *Johnson v. United States*, the Supreme Court tested the constitutionality of the residual clause of another subsection of § 924—§ 924(e), known as the Armed Career Criminal Act ("ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'"[12] The High Court evaluated the clause's violent-felony definition using the "framework known as the categorical approach," which "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"[13] It concluded that "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it void for vagueness.[14]

Relying heavily on *Johnson*, defendants move to dismiss all of the § 924(c) counts against them. They argue that Hobbs Act robbery and conspiracy to commit Hobbs Act robbery do not qualify as crimes of violence under § 924(c)'s force clause, and the government cannot rely on § 924(c)'s residual clause because it is unconstitutionally vague for the same reasons the Supreme Court struck down the ACCA's residual clause in *Johnson*.[15]

Central to defendants' argument is their contention that I must apply the "categorical approach" to determine whether Hobbs Act robbery qualifies as a crime of violence. Under the categorical approach, courts look only to the statutory elements of the offense and do not consider the

---

[12] *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[13] *Id.* at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[14] *Id.* at 2558.

[15] ECF No. 208.

defendants' conduct in a particular case.[16]  Defendants argue that, because Hobbs Act robbery does not require the use or threatened use of physical force, it does not qualify under § 924(c)'s force clause.  And because the residual clause is unconstitutionally vague, Hobbs Act robbery cannot qualify under that prong either.

The government responds that I should apply the "modified categorical approach" instead because the Hobbs Act is a divisible statute.[17]  Under the modified categorical approach, the court may look beyond the statutory elements of the offense and consider the allegations in the indictment to determine if the charged offense is specifically a crime of violence.[18]  And the government argues that, because this indictment contains allegations that defendants used force or threats of force during their robberies, those robberies qualify as crimes of violence under § 924(c)'s force clause.  Finally, the government argues that I need not reach the constitutionality of § 924(c)'s residual clause because (1) Hobbs Act robbery and conspiracy to commit it qualify as crimes of violence under the force clause and (2) *Johnson* is distinguishable.[19]

**C.    Report and recommendation**

Magistrate Judge Hoffman found that the categorical approach does not apply when evaluating the sufficiency of a § 924(c) indictment.[20]  He reasoned that the categorical analyses are products of the ACCA, which is a statute applied by sentencing courts to determine whether a defendant's prior convictions qualify as crimes of violence; unlike the ACCA, § 924(c) is not a recidivist statute that requires courts to categorize prior convictions;[21] and case law applying these approaches outside of

---

[16] *Johnson*, 135 S.Ct. at 2557 ("Under the categorical approach, a court assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'") (quoting *Begay*, 553 U.S. at 141).

[17] ECF No. 213 at 2–3.

[18] *Descamps v. United States*, __ U.S. __, 133 S.Ct. 2276, 2281 (2013).

[19] ECF No. 213 at 10.

[20] ECF No. 220 at 4.

[21] *Id.* at 4.

the sentencing context is scant.[22] The magistrate judge found that, "[b]ecause the Hobbs Act robberies, as charged in this case, include as an essential element physical violence or a threat of physical violence," they qualify as crimes of violence under § 924(c)'s force clause.[23] He concluded: "[a] jury will be required in this case to determine whether the necessary elements have been established beyond a reasonable doubt. Therefore, § 924(c) does not implicate any of the problems that exist under the ACCA in having to reconstruct, long after an original conviction, the conduct underlying the predicate offense."[24]

**D.   Defendants' objections**

Defendants object that the categorical analyses *do* apply to pretrial § 924(c) crime-of-violence determinations,[25] and they note that the Fourth and Eleventh Circuits have applied the categorical analyses to § 924(c).[26] Finally, defendants reiterate their argument that § 924(c)'s residual clause is unconstitutionally vague under *Johnson*[27] and thus cannot support any § 924(c) charge.

## Discussion

**A.   Standards of review**

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[28] "The district judge may accept, reject, or modify the recommendation,

---

[22] *Id.* at 3. As Magistrate Judge Hoffman noted, the categorical approach has also been applied when evaluating collateral immigration consequences. *See Rendon v. Holder*, 764 F.3d 1077, 1083 (9th Cir. 2014). Like ACCA applications, immigration cases also require the court to make determinations about a defendant's prior conviction based on a cold record.

[23] *Id.* at 5.

[24] *Id.*

[25] ECF No. 223 at 5.

[26] *Id.* (citing *United States v. Fuertes*, 805 F.3d 485, 500–01 (4th Cir. 2015); *United States v. Brownlow*, 2015 WL 6452620 (N.D. Ala., Oct. 26, 2015).

[27] *Id.* at 7.

[28] 28 U.S.C. § 636(b)(1).

receive further evidence, or resubmit the matter to the magistrate judge with instructions."[29]  When ruling on a pretrial motion to dismiss an indictment, the district court is bound by the four corners of the indictment and must accept the allegations in the indictment as true.[30]  "A motion to dismiss [an] indictment cannot be used as a device for a summary trial of the evidence," and the court "should not consider evidence not appearing on the face of the indictment."[31]  "The indictment either states an offense or it doesn't.  There is no reason to conduct an evidentiary hearing."[32]

**B.    The court applies the modified categorical approach to determine whether Hobbs Act offenses qualify as crimes of violence under § 924(c).**

To determine whether Hobbs Act robbery and conspiracy to commit a Hobbs Act robbery are "crimes of violence" for purposes of § 924(c), I must first determine which framework to evaluate these crimes under.  Although I question the utility of the categorical approaches outside of the sentencing context, the Ninth Circuit has consistently held that the categorical analyses apply to § 924(c) crime-of-violence determinations both at trial and at sentencing "without regard to whether the given offense is a prior offense or the offense of conviction."[33]

For example, in *United States v. Amparo*, the Ninth Circuit held that the district court properly instructed the jury that possession of an unregistered sawed-off shotgun is categorically a crime of violence under § 924(c)'s residual clause.[34]  In doing so, the *Amparo* court expressly rejected Amparo's argument that the categorical approach is inapplicable when, as in this case, the § 924(c) charge is a substantive offense tried concurrently with the predicate offense.[35]  The court reasoned that

---

[29] *Id.*

[30] *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996).

[31] *Jensen*, 93 F.3d at 669 (internal citations and quotations omitted).

[32] *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002).

[33] *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006); *see also United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995); *United States v. Mendez*, 992 F.2d 1488, 1489 (9th Cir. 1993).

[34] *Amparo*, 68 F.3d at 1224.

[35] *Id.* at 1225–26.

whether an offense is a crime of violence is a question of law properly determined by a judge.[36]

In *United States v. Mendez*, the Ninth Circuit held that, "where a defendant has been convicted under a statute describing crimes of both violence and non-violence, [the court] need only find that the charged crime for which the defendant was convicted constitutes a 'crime of violence' to conclude categorically that the charged offense may serve as a predicate for a § 924(c) violation."[37] The *Mendez* court concluded that § 1951(a) of the Hobbs Act is such a statute, applied the modified categorical approach, and held that conspiracy to commit robbery—as opposed to a nonviolent permutation like conspiracy to commit extortion—qualifies as a crime of violence under § 924(c)'s residual clause. In dicta, the court also noted that robbery "indisputably" qualifies as a crime of violence under the force clause.[38] *Mendez* stands for the proposition that a district court may apply the modified categorical approach to look beyond the statutory elements of the Hobbs Act and determine which version of the offense—robbery or extortion—the defendants are charged with. All of this Ninth Circuit authority suggests that the categorical analyses are also appropriate at the pretrial motion-to-dismiss stage.

The government argues that the divisibility of the Hobbs Act further justifies applying the modified categorical approach here. The Supreme Court has approved the use of the modified categorical approach to determine whether the violation of a divisible statute qualifies as a crime of violence.[39] To be divisible, a statute must contain "multiple, alternative elements of functionally separate crimes."[40] "A statute is not divisible merely because it is worded in the disjunctive. Rather, a court must determine whether a disjunctively worded phrase supplies 'alternative elements,' which

---

[36] *Id.* at 1224–26.

[37] *Mendez*, 992 F.2d at 1489.

[38] *Id.* at 1491.

[39] *See Descamps*, 133 S.Ct. at 2281.

[40] *Dixon*, 805 F.3d at 1198 (concluding that California's robbery statute is not divisible).

are essential to a jury's finding of guilt, or 'alternate means,' which are not."[41]  "If a statute contains alternative elements, a prosecutor 'must generally select the relevant element from its list of alternatives.  And the jury, as instructions in the case will make clear, must then find that element, unanimously and beyond a reasonable doubt.'"[42]

The Hobbs Act is a divisible statute.  Section 1951(a) contains disjunctive phrases that essentially create six functionally separate crimes: interference with commerce by robbery, interference with commerce by extortion, attempt to interfere with commerce by robbery, attempt to interfere with commerce by extortion, conspiracy to interfere with commerce by robbery, and conspiracy to interfere with commerce by extortion.  Section 1951(b), which further defines "robbery" for purposes of § 1951(a) is also disjunctive, but it does not contain alternative elements on which a jury must agree.

**C.    Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause.**

Because the statute is divisible, under the modified categorical approach, I look specifically to the version of the § 1951(a) offense that the defendants are charged with here.  In counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 13, and 25, defendants are charged with Hobbs Act robbery.[43]  The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."[44]  And the force clause of § 924(c) adds time for using a gun during a felony that has "as an element the use, attempted use, or threatened use of physical force against the person or property of another."[45]

---

[41] *Id.* (internal citations omitted).

[42] *Id.* (quoting *Descamps*, 133 S.Ct. at 2290).

[43] ECF No. 53.

[44] 18 U.S.C. § 1951(b)(1).

[45] 18 U.S.C. § 924(c)(3)(A).

Defendants contend that because a Hobbs Act robbery can be accomplished by placing someone in fear of injury, which does not amount to a threat of violent physical force, it is not categorically a crime of violence under the force clause.[46] But placing someone "in fear of injury, immediate or future" to his person or property necessarily requires the use or attempted use of "physical force" and thus satisfies the force clause.[47] The phrase "fear of injury" must be read in context with the rest of the words of the Hobbs Act.[48] The requirement that the taking be from the person or in his presence further supports my conclusion that a fear of injury means a fear of physical injury, which requires the threatened use of physical force.[49] Any other interpretation would read the physical-proximity requirement out of § 1951(b)(1).[50] The legislative history of the Hobbs Act also supports this conclusion; the Act's robbery definition is based on the traditional definition of robbery, which requires an intentional taking through the use of force or violence.[51]

---

[46] ECF No. 208 at 5.

[47] *See United States v. Castleman*, __U.S.__, 134 S.Ct. 1405, 1416–17 (2014) (stating that "it is impossible to cause bodily injury without using force 'capable of' producing that result.").

[48] "[T]he words of a statute must be read in their context and with a view to their place in the overall statutory scheme." *Davis v. Michigan Dept. Of Treasury*, 489 U.S. 803, 809 (1989).

[49] Several other courts have reached this conclusion, and I find their reasoning persuasive. *See, e.g.*, *United States v. Williams*, __F. Supp. 3d__, 2016 WL 1555696, at *8 (D. Me. Apr. 15, 2016); *United States v. Pena*, __ F. Supp. 3d__, 2016 WL 690746, at *5 (S.D.N.Y. Feb. 11, 2016); *United States v. Lenzy,* 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); *United States v. Merinord*, 2015 WL 6457166, at *4–5 (E.D.N.C. Oct. 26, 2015); *United States v. Standberry*, __ F. Supp. 3d__, 2015 WL 5920008, at *4–5 (E.D. Va. Oct. 9, 2015) (reasoning that "any act or threatened act [that] engenders a fear of injury implicates force and potential violence.").

[50] *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253 (1992) (stating that "courts should disfavor interpretations of statutes that render language superfluous . . . .").

[51] *See, e.g., United States v. Farmer*, 73 F.3d 836, 842 (8th Cir. 1996) ("[R]obbery is defined in § 1951(b)(1), in terms consistent with the traditional common law definition, as the unlawful taking of personal property from the person or in the presence of another by force or violence"). Section 1951(b)(1)'s text was taken almost verbatim from New York's robbery statute at the time it was passed. *United States v. Nedley*, 255 F.2d 350, 355 (3d Cir. 1958) (reviewing legislative history).

Defendants' argument that Hobbs Act robbery cannot be a crime of violence because it can be accomplished accidentally or recklessly is thus also unpersuasive. *See Farmer*, 73 F.3d at 842.

Because Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause, I deny the motion to dismiss the § 924(c) counts that are predicated on interference with commerce by robbery.[52]

**D.   Hobbs Act conspiracy does not qualify as a crime of violence under § 924(c)'s force clause.**

Although the bulk of the indictment alleges Hobbs Act robbery, count two charges a § 924(c) violation based on Hobbs Act conspiracy.[53] Unlike Hobbs Act robbery, Hobbs Act conspiracy can be proven without "the use, attempted use, or threatened use of physical force against the person or property of another," so the offense does not categorically qualify as a crime of violence under the force clause. Proof of an overt act is not required for a conviction of Hobbs Act conspiracy.[54] So, a defendant could be convicted of Hobbs Act conspiracy simply for agreeing to commit a Hobbs Act robbery. Agreeing to commit a robbery does not necessarily involve the use, attempted use, or threatened use of physical force.

If Hobbs Act conspiracy satisfies any provision of § 924(c), it's the residual clause.[55] But before I can adopt the magistrate judge's recommendation to deny the defendants' motion to dismiss count two, I must consider defendants' argument that the residual clause is void for vagueness under *Johnson*.

---

[52] Counts 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 26.

[53] ECF No. 53 at 1–2.

[54] *United States v. Salahuddin*, 765 F.3d 329, 338–39 (3rd Cir. 2014); *United States v. Ocasio*, 750 F.3d 399, 409, n.12 (4th Cir. 2014); *United States v. Monserrate-Valentin*, 729 F.3d 31, 46 (1st Cir. 2013); *United States v. Pistone*, 177 F.3d 957, 960 (11th Cir. 1999); United *States v. Maldonado-Rivera*, 922 F.2d 934, 983 (2d Cir. 1990), *cert denied*, 501 U.S. 1211 (1991). Even if an overt act were required, a defendant could be convicted based on an agreement to commit the robbery and purchasing a ski mask to conceal his identity during the planned robbery. This still does not satisfy the force clause.

[55] *Mendez*, 992 F.2d at 491 ("We determine today that conspiracy to rob in violation of 1951 'by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense.' § 924(c)(3)(B)").

**E.    The residual clause cannot be used to support the sole § 924(c) charge predicated on conspiracy to commit robbery because the residual clause is unconstitutionally vague.**

If I were only considering the constitutionality of § 924(c)'s residual clause in light of *Johnson*'s holding, it would be a difficult analysis. The language of the ACCA's residual clause that was struck down in *Johnson* is different than the language in § 924(c)'s residual clause. The *Johnson* court found that two key features of the ACCA's residual clause "conspire[d] to make it unconstitutionally vague."[56] Several courts, including a panel of the United States Court of Appeals for the Sixth Circuit, have found that the differences between these residual clauses render *Johnson* inapposite to § 924(c)'s residual clause.[57]

But my ruling is more directly controlled by the Ninth Circuit's decision in *Dimaya v. Lynch*. In *Dimaya*, the Ninth Circuit panel[58] extended *Johnson* to conclude that the residual clause in the Immigration and Nationality Act is unconstitutionally vague, too.[59] The INA defines a "crime of violence" by reference to 18 U.S.C. § 16(b), which (except for an additional comma) is identical to §

---

[56] *Johnson*, 135 S.Ct. at 2557.

[57] *See, e.g.*, *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016) (rejecting void-for-vagueness challenge and reasoning that "several factors distinguish the ACCA residual clause from § 924(c)(3)(B)."); *United States v. Moore*, 2016 WL 2591874, at *6 (E.D. Mich. May 5, 2016) (quoting *Johnson* and holding: "[s]ection 924(c)(3)'s residual clause passes constitutional muster as a criminal charge because it does not delineate a series of enumerated offense that create 'uncertainty about how much risk it takes for a crime to qualify as' a 'crime of violence,' and the jury will be asked to apply the statute's qualitative 'substantial risk' standard to real-world conduct."); *United States v. Dervishaj*, __F. Supp. 3d__, 2016 WL 1019357, at * 8–9 (E.D.N.Y. Mar. 14, 2016) (declining to invalidate 924(c)'s residual clause); *United States v. McDaniels*, 2015 WL 7455539, at *7 (E.D. Va. Nov. 23, 2015) (predicting that "the Residual Clause of § 924(c)(3)(B) would likely not fail as unconstitutionally vague as it is distinguishable from the ACCA Residual Clause at issue in *Johnson*").

[58] The Ninth Circuit denied the petition for rehearing en banc, *see Dimaya v. Lynch*, Case No. 11-17307, Dkt. No. 114 (Jan. 25, 2016), leaving the panel's decision the final and binding law of this circuit.

[59] The Fifth and Seventh Circuits have also held the INA's residual provision invalid in light of *Johnson*. *United States v. Gonzalez-Longoria*, 813 F.3d 225 (5th Cir. 2016), *reh'g en banc ordered by* 815 F.3d 189; *United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015).

924(c)'s residual clause.[60]

I find no basis to distinguish 18 U.S.C. § 16(b) from § 924(c)'s residual clause or *Dimaya* from this case.[61]  Though many districts outside of the Ninth Circuit have declined to extend *Johnson* to § 924(c)'s residual clause, none of those courts are bound by the Ninth Circuit's decision in *Dimaya* invalidating the INA's identically worded residual provision.  The binding authority in this circuit thus compels me to conclude that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague.  I therefore grant defendants' motion in part and dismiss count two of the indictment because it can only be based on § 924(c)'s residual clause, which I find void for vagueness.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Merritte's motion for joinder to Smith's objections **[ECF No. 224] is GRANTED**; defendants' objections to the magistrate judge's report and recommendation **[ECF No. 223] are OVERRULED in part and SUSTAINED in part**, and I adopt the magistrate judge's report and recommendation **[ECF No. 220]** to the extent it is consistent with this order.

IT IS FURTHER ORDERED that defendants' motion to dismiss **[ECF No. 208] is GRANTED in part and DENIED in part.  Count two of the superseding indictment [ECF No. 53] is DISMISSED; all other firearm counts will proceed.**

Dated May 18, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[60] *Compare* 18 U.S.C. § 16(b) ("The term 'crime of violence' means . . . any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."), *with* 18 U.S.C. § 924(c)(3)(B) ("For purposes of this subsection the term 'crime of violence' means an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.").

[61] Courts in the Eastern and Northern Districts of California have reached this same conclusion, and I find their reasoning persuasive.  *See United States v. Thongsouk Theng Lattanaphom*, __ F. Supp. 3d __, 2016 WL 393545 (E.D. Cal. Feb. 1, 2016); *United States v. Bell*, __ F. Supp.3d __, 2016 WL 344749 (N.D. Cal. Jan. 28, 2016).